

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LORRAINE FERRUCCI, ON BEHALF OF J.B., | Case No. *24-MC-23* |
| Petitioner, | CASE IN OTHER COURT: |
| v. | 1:20-vv-0776-UNJ |
| ERIE COUNTY CHILD PROTECTIVE SERVICES | |
| Respondent. | |

**PLEASE TAKE NOTICE** that, upon the accompanying (i) Memorandum of Law in

Support of Plaintiff Lorraine Ferrucci's, on behalf of J.B., ("Petitioner") Rule 45 Motion to

Compel Compliance with Subpoena, and (ii) Declaration of Mark T. Sadaka, Esq. MSPH and

attached exhibits, Petitioner, by and through their undersigned counsel will and hereby do move

this Court, at the United States District Court, 2 Niagara Square, Buffalo NY 14202 for an Order,

pursuant to Rule 45 of the Federal Rules of Civil Procedure, compelling Respondent to produce

documents pursuant to subpoena issued by Petitioner out of the United States Court of Federal

Claims.

This Motion is supported by the attached Memorandum, the accompanying Declaration

of Mark T. Sadaka, Esq MSPH and attached exhibits, a proposed order, any papers submitted in

reply to any opposition to this Motion, facts of which this Court may take judicial notice, the

record in the underlying action in the United States Court of Federal Claims, Case No. 1:20-vv-

0776-UNJ, arguments of counsel if any, and any other matters as may properly come before this

Court.

Dated: June 13, 2024

Respectfully submitted,

Mark T. Sadaka, Esq., MSPH
SADAKA ASSOCIATES LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
Telephone: (201) 266-5670
Fax:        (201) 266-5671
Email:      mark@sadakafirm.com

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LORRAINE FERRUCCI, ON BEHALF OF J.B., | Case No. |
| Petitioner, | CASE IN OTHER COURT: |
| v. | 1:20-vv-0776-UNJ |
| ERIE COUNTY CHILD PROTECTIVE SERVICES | |
| Respondent. | |

## <u>CERTIFICATE OF SERVICE</u>

I, Mark T. Sadaka, Esq, hereby certify that I caused a true and correct copy of the following to be filed and served this day as follows:

- Miscellaneous Case Cover Sheet;

- Notice of Motion to Compel Compliance with Subpoena;

- Memorandum of Law in Support of Petitioner's Rule 45 Motion to Compel Compliance with Subpoena;

- Declaration of Mark T. Sadaka, Esq, in support of Petitioner's Rule 45 Motion to Compel Compliance with Subpoena; and

- [Proposed] Order.

Via Electronic Mail

**Nicholas Locicero** | Attorney (Social Services)
Erie County | Department of Social Services
95 Franklin St., Room 746 | Buffalo, NY 14202
P:+1(716)858-8715 | F:+1(716)858-6222
Nicholas.Locicero2@erie.gov

Dated: June 13, 2024

Respectfully submitted,

Mark T. Sadaka, Esq., MSPH
SADAKA ASSOCIATES LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
Telephone: (201) 266-5670
Fax:         (201) 266-5671
Email:      mark@sadakafirm.com

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| LORRAINE FERRUCCI, ON BEHALF OF J.B., | Case No. |
| Petitioner, | CASE IN OTHER COURT: |
| v. | 1:20-vv-0776-UNJ |
| ERIE COUNTY CHILD PROTECTIVE SERVICES | |
| Respondent. | |

**ORDER**

This matter having come before this Court and good cause shown by the Petitioner, it is

hereby ordered that Erie County Child Protective Services shall immediately comply with the

subpoena issued by the Court of Federal Claim and deliver to Sadaka Law the records

requested therein.

_____

EXHIBIT A





**Litigation with Purpose™**

155 N Dean Street, Englewood, NJ 07631
NEW JERSEY | NEW YORK | MARYLAND

November 21, 2023

Via Certified Mail

Erie County Child Protective Services
Appletree Business Park
2875 Union Road, Suite 356
Buffalo, NY 14227

**RE:     Lorraine Ferrucci o/b/o J.B. (20-776)**
         Docket No:    1:20-vv-00776-UNJ

To Whom it May Concern:

Our office represents the family of Jaylah Black for an injury Jaylah sustained by a vaccine.

The National Vaccine Injury Compensation Program was enacted by Congress in 1986. (42U.S.C. §300aa-1 et seq.). The Program was designed to compensate vaccine injured children and adults, and, at the same time, insulate the administrator of the vaccine as well as the manufacturer from liability.

The Court has ordered our office to submit a complete copy of Jaylah's CPS file from June 28, 2014, to present (see attached subpoena and order).

Please mail, fax or e-mail the records to:

Law Offices of Sadaka Associates LLC
155 N. Dean St., 4th Floor
Englewood, NJ 07631
Fax: (201) 266-5671
Email: medrecs@sadakafirm.com

**<u>Please send an invoice for pre-payment authorization if amount exceeds $100 prior to processing this request.</u>**

If you have any questions, concerns or need additional information, please do not hesitate to contact us at 201-266-5670

Sincerely,

*Michele Curry*
*Paralegal*

## In the United States Court of Federal Claims
### OFFICE OF THE SPECIAL MASTERS

LORRAINE FERRUCCI, on behalf of J.B.,

      Petitioner,

      v.

SECRETARY OF HEALTH AND HUMAN
SERVICES,

      Respondent.

Case No. 1:20-vv-00776-UNJ

Special Master Herbrina D. Sanders

## SUBPOENA

To:   Erie County Child Protective Services
        Appletree Business Park
        2875 Union Road, Suite 356
        Buffalo, NY 14227

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below:

*Documents to be produced:* Complete case file for Jaylah Black, DOB: August 17, 2006 from June 28, 2014 to present.

*Place*: Law Offices of Sadaka Associates, 155 N. Dean Street Suite 4D, Englewood, NJ 07631

*Date and Time*: On or before 5 p.m. December 15, 2023

    Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.

_____   11/21/2023
ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)   DATE

Mark T. Sadaka, 155 N. Dean Street Suite 4D, Englewood, NJ 07631, 201-266-5670, medrecs@sadakafirm.com
ISSUING OFFICER'S NAME, ADDRESS, TELEPHONE NUMBER, AND E-MAIL

NOTE - If the person served is neither a party nor a party's officer and the place of travel is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of the hearing or trial is more than 100 miles from the place where the person served resides, is employed, or transacts business in person, the person served may file a motion to quash the subpoena pursuant to RCFC 45(d)(3) unless there is attached to the subpoena an order of the court requiring his/her appearance notwithstanding the <u>distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law. (28 U.S.C. §1821)</u> PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | | |

| | SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|---|

D Fees tendered for one day's attendance and mileage allowed by law. (Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVICE

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

RCFC 45.
(d) **Protecting a Person Subject to a Subpoena; Enforcement.**
　(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.
　(2) *Command to Produce Materials or Permit Inspection.*
　　(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　　(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　　(i) At any time, on notice to the commanded person, the serving party may move the court for an order compelling production or inspection.
　　　(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
　(3) *Quashing or Modifying a Subpoena.*
　　(A) *When Required.* On timely motion, the court must quash or modify a subpoena that:
　　　(i) fails to allow a reasonable time to comply;
　　　(ii) requires a person who is neither a party nor a party's officer to comply beyond the limitations specified in RCFC 45(c);
　　　(iii) requires disclosure of privileged or other protected matter, if no exception of waiver applies; or

        **(iv)**   subjects a person to undue burden.

    **(B)**   ***When Permitted.*** To protect a person subject to or affected by a subpoena, the court may, on motion, quash or modify the subpoena if it requires:

        **(i)**   disclosing a trade secret or other confidential research, development, or commercial information; or

        **(ii)**   disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

    **(C)**   ***Specifying Conditions as an Alternative.*** In the circumstances described in RCFC 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

        **(i)**   shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

        **(ii)**   ensures that the subpoenaed person will be reasonably compensated.

**(e)**  **Duties in Responding to a Subpoena.**

    **(1)**  ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

        **(A)**  ***Documents.*** A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

        **(B)**  ***Form for Producing Electronically Stored Information Not Specified.*** If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

        **(C)**  ***Electronically Stored Information Produced in Only One Form.*** The person responding need not produce the same electronically stored information in more than one form.

        **(D)**  ***Inaccessible Electronically Stored Information.*** The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of RCFC 26(b)(2)(C). The court may specify conditions for the discovery.

    **(2)**  ***Claiming Privilege or Protection.***

        **(A)**  ***Information Withheld.*** A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

           **(i)**   expressly make the claim; and

           **(ii)**   describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

        **(B)**  ***Information Produced.*** If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

* * * * *

**(g) Contempt.** The court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 16, 2023

```
* * * * * * * * * * * * * *    *
LORRAINE FERRUCCI,             *       No. 20-776V
on behalf of J.B.,             *
                               *
              Petitioner,      *       Special Master Sanders
                               *
v.                             *
                               *
SECRETARY OF HEALTH            *
AND HUMAN SERVICES,            *
                               *
              Respondent.      *
* * * * * * * * * * * * * *    *
```

### ORDER GRANTING PETITIONER'S MOTION TO ISSUE SUBPOENA

On November 9, 2023, Petitioner submitted a Motion to Issue Subpoena. ECF No. 75. The Court, pursuant to its power under Vaccine Rule 7(c), **GRANTS** Petitioner's request. The Court hereby approves the issuance of a subpoena in the above-captioned case to be served on the following facility:

> **Erie County Child Protective Services**
> **Appletree Business Park**
> **2875 Union Road, Suite 356**
> **Buffalo, NY 14227**

for the purpose of obtaining **the complete case file of Jaylah Black, DOB: August 17, 2006, from June 28, 2014, to the present.**

The Court grants this Motion with the understanding that Petitioner, in accordance with the Vaccine Rules, shall file all records obtained pursuant to this subpoena and shall, at the time they file the medical records, provide Respondent with a list of the facilities upon which such subpoena was served. Petitioner may independently prepare the subpoena in compliance with the Rules of the United States Court of Federal Claims. *See* RCFC 45, Appendix of Forms, Form 7A, para. 3.

**Petitioner is authorized to serve said subpoena by <u>Thursday, November 30, 2023</u>. Petitioner shall attach a stamped copy of this Order to the subpoena as confirmation that the subpoena has been approved by this Court.** Thereafter, Petitioner shall file a status report indicating the status of the subpoena and/or medical records by <u>**Monday, December 18, 2023**</u>.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders

Special Master

# EXHIBIT B

# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: May 15, 2024

```
* * * * * * * * * * * * *    *
LORRAINE FERRUCCI,          *      No. 20-776V
on behalf of J.B.,          *
                            *
              Petitioner,   *      Special Master Sanders
                            *
v.                          *
                            *
SECRETARY OF HEALTH         *
AND HUMAN SERVICES,         *
                            *
              Respondent.   *
* * * * * * * * * * * * *    *
```

## SHOW CAUSE ORDER

Petitioner has been working to obtain outstanding records since June of 2022. *See* ECF No. 45. On November 9, 2023, Petitioner stated that her counsel "reached out to Erie County Child Protective Services (ECCPS) to reiterate [Petitioner's] request for a copy of J.B.'s file[,]" which Petitioner had previously been unable to obtain. ECF No. 76 at 1. Petitioner stated that ECCPS requested "an updated subpoena to [produce] the records[.]" *Id.* Petitioner filed a motion to issue subpoena, which I granted on November 16, 2023. ECF No. 75; Order, ECF No. 77. I ordered Petitioner to file her remaining outstanding records by December 26, 2023. Order, docketed Nov. 16, 2023.

Petitioner missed her December 26, 2023 deadline due to a clerical error, and she filed a motion for extension of time to file her remaining records on January 10, 2024. ECF No. 80. Petitioner stated that her counsel served ECCPS with a subpoena on November 21, 2023, and had been notified that Petitioner needed to follow up with ECCPS's legal department. *Id.* at 1–2. I granted Petitioner's motion and directed her to file her outstanding records by February 26, 2024. Order, docketed Jan. 11, 2024.

Petitioner filed some medical records on February 26, 2024. *See* ECF No. 81. Also on this date, Petitioner filed a motion "asking that the Court either re-issue the subpoena [to ECCPS] in this matter or issue an order to enforce the subpoena . . . ." ECF No. 82 at 1. Petitioner stated that "despite serving the subpoena upon ECCPS and receiving their acknowledgment of receipt, Petitioner's counsel has been unable to obtain the records being sought." *Id.* Petitioner stated that her counsel has left multiple voicemails for the ECCPS employee now responsible for the subpoena but that Petitioner's counsel has not received a call back or the subpoenaed records. *Id.* Petitioner also filed a motion for extension of time to file the ECCPS records. ECF No. 83.

On March 20, 2024, I granted Petitioner's motion to reissue the subpoena and granted her motion for extension of time. Orders, ECF Nos. 84–85. I ordered Petitioner to file the remaining outstanding records, evidence that an enforcement action has been initiated in the U.S. District Court where ECCPS is located pursuant to Federal Rule of Civil Procedure 45(g), or a joint status report indicating an agreement to continue without the ECCPS records by April 19, 2024. ECF No. 85 at 2. I noted that "[d]ue to the amount of time Petitioner has spent acquiring records, no extensions will be granted." *Id.*

Petitioner did not comply with my March 20, 2024 Order. Instead, on April 19, 2024, she filed a status report stating that she re-issued the subpoena on March 22, 2024, and that ECCPS's legal counsel "acknowledged receipt of the subpoena and requested a meet and confer to discuss the exact nature of the records needed to alleviate the necessity of written objections pursuant to Rule 45." ECF No. 86 at 1. Petitioner stated that her counsel's "office has scheduled the meet and confer early next week and hope to have the records shortly thereafter." *Id.* Petitioner continued that her counsel's "office is also investigating the process of filing an enforcement action but has held off on doing so based on [ECCPS's counsel's] email indicating a willingness to work with [Petitioner]." *Id.* Petitioner requested an addition fourteen days to comply with my March 20, 2024 Order or to file a status report indicating the status of the records, but she has, to date, still failed to comply.

Petitioner has now had approximately two years, or 706 days since June 9, 2022, to finish filing records in this case. *See* ECF No. 45. She has also had 181 days since I granted her motion to issue subpoena to ECCPS on November 16, 2023, to submit the ECCPS records or initiate an enforcement action and 56 days to comply with my March 20, 2024 Order. She has failed to comply with my March 20, 2024 Order despite my warning that no further extensions would be granted, and she has not followed up regarding her counsel's meeting with ECCPS's counsel or filed evidence that she has initiated an enforcement action.

When a petitioner fails to comply with Court orders to prosecute her case, the Court may dismiss her claim. Vaccine Rule 21(b)(1); *Sapharas v. Sec'y of Health & Human Servs.*, 35 Fed. Cl. 503 (1996); *Tsekouras v. Sec'y of Health & Human Servs.*, 26 Cl. Ct. 439 (1992), aff'd, 991 F.2d 810 (Fed. Cir. 1993) (table); *see also Claude E. Atkins Enters., Inc. v. United States*, 899 F.2d 1180, 1183-85 (Fed. Cir. 1990) (affirming dismissal of case for failure to prosecute for counsel's failure to submit pre-trial memorandum); *Adkins v. United States*, 816 F.2d 1580, 1583 (Fed. Cir. 1987) (affirming dismissal of case for failure of party to respond to discovery requests).

**Therefore, Petitioner is given a final opportunity to SHOW CAUSE why this case should not be dismissed for failure to prosecute. Failure to file (1) the remaining outstanding records, (2) evidence that an enforcement action has been initiated in U.S. District Court, or (3) a joint status report indicating an agreement to without the ECCPS records by Friday, June 14, 2024, will be interpreted as a failure to prosecute this claim, and I will dismiss her petition. A status report requesting additional time or similar motion, or a status report without the required information, will not constitute an appropriate response to this Order.**

Any questions regarding this order may be directed to my law clerk, Rochelle Gillenson, at Rochelle_Gillenson@cfc.uscourts.gov.

**IT IS SO ORDERED.**

<u>s/Herbrina D. Sanders</u>
Herbrina D. Sanders
Special Master